IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERMALL BROWN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:23-cv-1317-LKG |
| BOCSE, et al., | ) Dated: September 26, 2023 |
| Defendants. | ) |

USDC- GREENBELT
'23 SEP 27 PM2:15

## MEMORANDUM OPINION

On May 18, 2023, self-represented plaintiff Jermall Brown filed the above-captioned civil Complaint together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 2. Plaintiff supplemented the Complaint on August 4, 2023. ECF No. 4. Plaintiff alleges that defendants violated his civil rights by unlawfully suspending his driver license, intercepting stimulus checks, and denying him a right to a fair hearing. ECF No. 1 at 7. Plaintiff seeks termination of the "damaged order for support," reinstatement of his driver license, return of all payments made based on the "defected" order, and monetary damages. *Id*. at 8. While the Complaint is not specific, the context of the Complaint together with a docket sheet regarding a child support case involving Plaintiff indicates that that defendant "BOCSE" likely refers to the Baltimore City Office of Child Support, and the subject of the Complaint is a dispute regarding a child support order. *See* ECF No. 4-1. The remaining defendants, whom Plaintiff names without making any specific allegations against, appear to be mainly state judges. ECF No. 1 at 3. For reasons stated below, the Complaint will be dismissed.

Because Plaintiff proceeds in forma pauperis, the Court retains an independent duty to review the claims for sufficiency. *See* 28 U.S.C. § 1915(e). *See also Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (affirming dismissal of non-prisoner pro se complaint, pursuant to § 1915(e)(2)). Accordingly, the Court must dismiss any claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court is also mindful of its obligation to accord liberal construction to the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations. . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

Section 1983 of Title 42 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009). Plaintiff has not alleged that any individual defendant violated his rights in any way, or that any defendant was personally involved in the dispute he describes in his Complaint. Therefore, Plaintiff has not stated a claim pursuant to § 1983 against any defendant.

In addition, most of the named defendants appear to be Maryland state judges whom plaintiff is suing for decisions made in their capacities as judges.[1] Therefore, the underlying cause of action in this case cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10

---

[1] While Plaintiff does not make any allegations against the defendants, it seems likely that he is dissatisfied with defendants' decisions regarding his child support case.

2

(1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.*, citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). The Maryland Child Support Administration, of which the Baltimore City Office of Child Support is a part, is immune from suit under the Eleventh Amendment. *See*, https://dhs.maryland.gov/child-support-services/contact-csa/ (last visited September 25, 2023).

"[D]istrict courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While a federal district court can compel an officer or employee of the United States or its agencies to perform a duty, it has no mandamus jurisdiction over state employees and cannot compel any state agency to terminate Plaintiff's child support order, return payments, or reinstate his driver license. *See, e.g.*, *Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586-87 (4th Cir. 1969).

Plaintiff's Complaint makes no specific allegations against any defendant, names defendants who are immune from suit and asks for relief which this Court has no power to grant. As such, the Complaint fails to state a claim upon which relief may be granted and must be dismissed.

A separate Order follows.

_____
LYDIA KAY GRIGGSBY
United States District Judge